IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ALLISON STEWART, *Individually* § | |
| *and as Representative of the* ESTATE § | |
| OF TROY STEWART; STEPHANIE § | |
| STEWART; NATASHA STEWART; and § | |
| NICOLE STEWART § | CIVIL ACTION NO: 2:12-cv-207 |
| § | JURY TRIAL |
| v. § | |
| § | |
| CITY OF CORPUS CHRISTI, TEXAS; § | |
| MIKE WERTANEN, *Individually*; and § | |
| BRANDON CORDELL, *Individually* § | |

## PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

**NOW COME** Plaintiffs, Allison Stewart, *Individually and as Representative of the* Estate of Troy Stewart, Stephanie Stewart, Natasha Stewart, and Nicole Stewart, filing this, their *Plaintiffs' First Amended Original Complaint*, and bringing this action against the City of Corpus Christi, Texas, Mike Wertanen, *Individually*, and Brandon Cordell, *Individually*, as said Defendants have denied Plaintiffs' (and/or the late Troy Stewart's) rights guaranteed by the Constitution and laws of the United States of America and the State of Texas.

### JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3) (civil rights). This court also has supplemental jurisdiction pursuant to 28 U.S.C.S. § 1367 to hear the state claims that will be set forth in this complaint. Venue is proper in the Southern District of Texas, Corpus Christi Division, as this is the district where the claim arose in accordance to 29 U.S.C.§ 1391(b).

## PARTIES

2.      Plaintiff Allison Stewart (hereinafter "Ms. Stewart"), who brings this suit in her own behalf, as well as on behalf of the Estate of her husband, Troy Stewart (hereinafter "Mr. Stewart"), is a resident of Corpus Christi,

Texas.

3.      Plaintiff Stephanie Stewart (hereinafter "Stephanie") brings this suit on her own behalf, as the daughter of the late Troy Stewart, and is a resident of Corpus Christi, Texas.

4.      Plaintiff Natasha Stewart (hereinafter "Natasha") brings this suit on her own behalf, as the daughter of the late Troy Stewart, and is a resident of Corpus Christi, Texas.

5.      Plaintiff Nicole Stewart (hereinafter "Stephanie") brings this suit on her own behalf, as the daughter of the late Troy Stewart, and is a resident of Corpus Christi, Texas.

6.      Defendant City of Corpus Christi, Texas (hereinafter "Defendant City of Corpus Christi"), is a political subdivision of the State of Texas and can be served with summons upon City of Corpus Christi, Texas, Mayor Joe Adame, 1201 Leopard Street, Corpus Christi, Texas 78401 or P.O. Box 9277, Corpus Christi, Texas 78469.

7.      Defendant Mike Wertanen (hereinafter "Wertanen") was, at all times material to this suit, an officer employed by the CORPUS CHRISTI POLICE DEPARTMENT. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the CORPUS CHRISTI POLICE DEPARTMENT. Defendant Wertanen can be served with summons at his place of employment, CORPUS CHRISTI POLICE DEPARTMENT, 321 John Sartain Street, Corpus Christi, Texas 78401.

8.      Defendant Brandon Cordell (hereinafter "Cordell") was, at all times material to this suit, an officer employed by the CORPUS CHRISTI POLICE DEPARTMENT. Each of the acts complained of

herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the CORPUS CHRISTI POLICE DEPARTMENT. Defendant Cordell can be served with summons at his place of employment, CORPUS CHRISTI POLICE DEPARTMENT, 321 John Sartain Street, Corpus Christi, Texas 78401.

### FACTS

9. Whenever, in this complaint it is alleged that any Defendant did any act, thing, and/or omission, it is meant that Defendant and/or Defendant's officers, agents, servants, employees or representatives did such act, thing and/or omission and that at the time it was done with full authorization and/or ratification of Defendant or done in the normal and routine course and scope of employment of Defendant and/or Defendant's officers, agents, servants, employees or representatives.

10. On or about February 12, 2012, in the early morning hours, Troy Stewart, Deceased, who had gone to bed earlier complaining of a sinus headache, began having a seizure while sleeping. Ms. Stewart immediately called to her daughter, Stephanie, who was in the living room, and asked for help. Stephanie came into the room and saw her father on his knees, shaking and drooling and breathing heavily. Stephanie and Ms. Steward laid Mr. Stewart down on the floor on his side and Stephanie called 911. At this point the seizure was over and Mr. Stewart sat up, but, it was obvious he was disoriented and not his normal self. Stephanie then told her grandmother to wake and because something was wrong and she went back to the bedroom where Mr. Stewart was attempting to stand up. Ms. Stewart and Stephanie tried to help him up but he was pushing them away.

11. When the Emergency Medical Technicians (EMT) arrived Stephanie called to Mr. Stewart and he did get up and walked into the hallway but was unsteady so Stephanie and the EMT helped carry Mr. Stewart to the couch. At that point, the EMT checked Mr. Stewart's blood sugar level and

it was critically high. The EMTs wanted to start an IV but Mr. Stewart did not want them to and was refusing medical attention.

12. During the foregoing events, Defendants Wertanen and Cordell had also arrived at Ms Stewart's home. Ms. Stewart and Stephanie left the room momentarily to move their vehicles so the EMTs could bring in a stretcher. While they were moving their vehicles, the two individual Defendants decided to force Mr. Stewart to have medical attention whether he wanted it or not. They put him on the floor and he started shaking and moving his feet, obviously in another siezure. Apparently, the individual Defendants did not care that he was siezing again and put him on his stomach, putting handcuffs on him with his hands behind his back. The handcuffs were so tight that his hands were turning white. One of the individual Defendants had his knee and all his weight in the center of Mr. Stewart's back and the other one had his hands pushing down on Mr. Stewart's legs and pelvis. Mr. Stewart started to vomit and finally the individual Defendants got off of him. After a moment, one of the EMTs said, "I don't think he's breathing." The EMTs tried to roll him onto his back but had to ask that the handcuffs be removed first. The EMTs finally began to attempt to resuscitate Mr. Stewart, suctioning the vomit, placing AED pads on his chest, and doing cpr. They placed Mr. Stewart onto the backboard and continued to perform cpr as they carried him out of the house and into the ambulance. By this time there were six (6) to eight (8) Corpus Christi Police Officers standing in front of the house.

13. Mr. Stewart's other daughter, Natasha, then drove up. Natasha knocked on the ambulance door and one of the EMT's came out. Natasha asked if Mr. Stewart had a pulse and the EMT said she did not know. Mr. Stewart was then taken to the Memorial Emergency Room and he was prounced dead shortly after 3:00 a.m.

14.     As a result of the individual Defendants' actions, Plaintiff sustained numerous injuries to his body, including, but not limited to, a broken rib, and ultimately, his death.

15.     Plaintiffs are informed and believe, and thereupon allege that in committing said acts and/or omissions, the individual Defendants were the agents and/or employees of Defendant City, and were acting within such agency and employment, as well as, under color of state law.

16.     Moreover, the acts of the individual Defendants amount to an excessive and/or unnecessary use of force.  Said excessive/unnecessary use of force is objectively unreasonable as no reasonable law enforcement officer given the same or similar circumstances would have initiated such a brutal and life threatening attack on any person in the position of Mr. Stewart, who was simply refusing medical treatment, as was his right to do so.

17.     Furthermore, said excessive force committed against Mr. Stewart by the individual Defendants was not performed in good faith to maintain or restore discipline, but was performed maliciously, intentionally, and sadistically for the very purpose of punishing and causing harm to Mr. Stewart.

18.     Furthermore, upon information and belief, Plaintiffs contend that each of the aforementioned individual Defendants acted with deliberate indifference to Mr. Stewart's serious medical needs. Each individual Defendant subjectively intended that the harm to Mr. Stewart occur.  Each individual Defendant was aware that Mr. Stewart was confused, disoriented and was having difficulty breathing.  The individual Defendants are TCLEOSE trained and certified, and thus, are aware that putting pressure in the middle of someone's back while they are having difficulty breathing is dangerous to their health. The individual Defendants are presumed to be medically trained to recognize distress and disorientation and thus, should have recognized the clear and obvious signs continually exhibited by Mr. Stewart and made sure his air passages were clear and he was able to

breath.  Each individual Defendant is further aware through the aforementioned training that to exert pressure in the middle of the back of a person who is having difficulty breathing already will lead to his eventual death.  As a result of the individual Defendant's actions, Mr. Stewart is now dead and each individual Defendant is responsible for same through their subjective intent that the harm to Mr. Stewart occur.

19. At all pertinent times, Defendants City of Corpus Christi and/or Corpus Christi Police Department authorized and/or ratified the wrongful and tortious acts and/or omissions described herein.

### FIRST CLAIM FOR RELIEF - - §1983

20. The allegations contained in Paragraphs 9 thru 19 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

21. The Civil Rights of 1871, now codified as 42 U.S.C.S. §1983 as federal law provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."  42 U.S.C.S. §1983.

22. The state action requirement for standing under 42 U.S.C.S. §1983 has more commonly been referred to as "color of state law," from the statute itself.  Plaintiffs are informed and believe, and thereupon allege that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

23. 42 U.S.C.S. §1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States. As such, Plaintiffs allege that Defendants, jointly and/or severally, deprived Mr. Stewart of his Fourth Amendment rights and those rights, privileges, and immunities secured by the Fifth and Eighth Amendments to the Constitution incorporated and applied to the states through the Fourteenth Amendment. Defendants violated this provision by the following actions and/or omissions, *inter alia*:

    a) by attempting to detain Mr. Stewart in violation of his Fourth Amendment expectation of privacy and guarantee to security from unreasonable search and seizure without reasonable suspicion and/or probable cause;

    b) by using excessive force and/or deadly force in the course of Defendants' attempted custody of Mr. Stewart, in violation of the Fourth Amendment and its "reasonableness" standard. Plaintiffs therefore plead that Mr. Stewart was unlawfully restrained by use of excessive force. Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable;

    c) in creating a danger, which otherwise would not have existed, but for the conduct of Defendants, and which made more likely the opportunity of harm to occur to Mr. Stewart;

    d) by failing to intervene, where such intervention would have prevented the violations and/or injuries of Mr. Stewart;

    e) by failing to provide supervision and/or proper training, where the necessity of same was necessary, required by law, and/or needed; and

    f) By ignoring Mr. Stewart's serious medical needs.

24. Defendants' actions and/or omissions were not "objectively unreasonable" in light of the facts and circumstances confronting them without regard to their underlying intent or motivation. Clearly, careful attention to the facts and circumstances of this particular case demonstrates the unreasonableness of Defendants' actions. In light of the fact that Mr. Stewart was merely refusing

medical attention, as was his right, it is initially absurd that Defendants would deem force was warranted and/or required. Furthermore, Mr. Stewart never posed an immediate threat to the safety of Defendants. For these and other reasons, it was objectively unreasonable for Defendants to even attempt to restrain Mr. Stewart.

25. **§ 1983 - Excessive Force** Plaintiffs plead that Defendants used excessive force and/or deadly force in the course of the officers' restraint and/or other "seizure" of a free citizen, such as Mr. Stewart, in violation of the Fourth Amendment and its "reasonableness" standard. Plaintiffs therefore plead that Mr. Stewart was unlawfully and physically assaulted, by the individual Defendants. Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable.

26. Under §1983, Defendant City of Corpus Christi is also liable for failing to supervise and/or failing to train, and/or acquiescence in unconstitutional behavior by subordinates. First, Defendant City of Corpus Christi failed to properly train and failed to properly supervise its officers. Defendant City of Corpus Christi is liable under §1983, as there is a causal connection between its actions and/or omissions and the alleged constitutional violations, as outlined throughout this entire pleading. In addition, Defendant City of Corpus Christi did not discipline the individual Defendants for their conduct, thereby sanctioning their actions, amounting to a departmental policy that violated Mr. Stewart's civil rights. Defendant City of Corpus Christi's failure to supervise or train amounted to gross negligence or deliberate indifference.

27. It is also well-established that municipalities are liable under 42 U.S.C.S. §1983 for constitutional torts that are in compliance with their customs, practices, policies or procedures. A municipality is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision making

channels. In this case, Defendant City of Corpus Christi is liable because it sanctioned the custom, practice and/or policy or procedures of, *inter alia*, 1) using excessive, and oftentimes deadly force, to effectuate what are otherwise routine arrests, 2) using deadly force when such is not necessary and/or allowable, 3) ignoring the serious need for training and supervision of their officers in regards to the use of force, 4) failing to discipline those persons whom are found to have engaged in the use of excessive force upon those entrusted to their care and/or under their control, 5) failing to adequately supervise and/or observe their employees and/or officers including reservist, 6) failing to provide adequate training in regard to the availability of alternative means of detaining persons apart from the use of force and/or deadly force, and 7) failing to impose proper and sufficient policies and/or procedures as to the use of force and/or the treatment of the mentally ill and/or their requiring of medical attention. Such policy and/or customs were the "moving force" behind the constitutional violation (excessive force) exacted upon Mr. Stewart and was the "cause in fact" of his injuries and, ultimately, his death.

    Plaintiffs allege, inter alia:

- A continuing and pervasive pattern of civil rights abuses by the City of Corpus Christi police officers against persons who live within the City.

- The deliberate indifference of the City of Corpus Christi in failing to adequately train, supervise and discipline police officers.

- A continuing pattern of civil rights abuses . . . that results from Defendant City's deliberate conduct in establishing policy and custom that encourages and acquiesces in Forth and Fourteenth Amendment rights violations."

- Individual Defendants' failure to stand ready to provide emergency medical care when faced with substantial likelihood of injuries, were the direct result of the City of Corpus Christi's unwritten custom and/or policy of allowing their officers to abandon the written City policies at their unilateral discretion. As a result of Defendant City of Corpus Christi's unwritten policies and customs, deliberate indifference, deliberate conduct as described above, the City is the moving force

    behind the individual Defendant officers' act of using excessive force to restrain and killing Mr. Stewart.

- Policies, practices and customs of Defendant City, that allowed the individual Defendants to use excessive force against citizens, and to subject persons to outrageous, unreasonable and inhuman treatment that leads to serious injury and death.

- Defendant City failed to discipline any of the individual Defendant officers who aggressively restrained Mr. Stewart when he refused medical treatment. Defendant City of Corpus Christi's refusal to discipline the officers effectively acted to ratify the conduct, and further evidences the existence of preexisting policy and custom of allowing officers to engage in such conduct.

28. The actions and/or inaction taken in this case was uncalled for and taken pursuant to the customary practices and/or policies or procedures that were sanctioned by all named entity Defendants. Liability for Defendant City of Corpus Christi is established under §1983 because the "turn a blind eye" approach to the use of excessive force is a persistent, widespread practice of the city employees -- namely police officers -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official policy. Defendant City of Corpus Christi had actual or constructive knowledge of each practice, custom, and/or policy or procedure and numerous prior incidents of such conduct and/or inaction as to establish accession to that custom by the policy makers. Defendant City of Corpus Christi's unspoken policies above reflect a decision that shows deliberate indifference to the risk that a violation of a particular constitutional or statutory rights will follow the decision. In the alternative, Defendant City of Corpus Christi is liable under §1983 for failing to adopt clear policies outlining the criteria for determining the need for, the availability of and/or the means by which to use force.

29. Moreover, Defendant City of Corpus Christi is liable for the inadequate training of their officers under §1983. Liability attaches to Defendant City of Corpus Christi because its failure to

train amounts to deliberate indifference to the rights of the persons with whom officers come in contact.

30. Plaintiffs further alleges that Defendants, jointly and/or severally have violated Mr. Stewart's Fourth Amendment rights when he was unreasonably and unlawfully detained.

31. The actions and/or inactions taken in this case were taken pursuant to the customary practices and/or policies or procedures that were sanctioned by Defendant City of Corpus Christi. Liability for Defendant City of Corpus Christi is established under §1983 because its "ignore all policies" attitude is a persistent, widespread practice of the county employees -- namely deputies/officers -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official policy. Defendant City of Corpus Christi had actual or constructive knowledge of each practice, custom, and/or policy or procedure and numerous prior incidents of such conduct and/or inaction as to establish accession to that custom by the policy makers. Defendant City of Corpus Christi's unspoken policies above is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision. In the alternative, Defendant City of Corpus Christi is liable under §1983 for failing to adopt clear policies outlining the criteria for determining, relaying and/or treating the medical (mental and otherwise) needs of inmates/detainees/arrestees.

32. Moreover, Defendant City of Corpus Christi is liable for the inadequate training of its deputies/officers under §1983. Liability attaches to Defendant City of Corpus Christi because its failure to train amounts to deliberate indifference to the rights of the persons with whom they come in contact.

**SECOND CLAIM FOR RELIEF - - Texas - - Assault & Battery**

33. The allegations contained in Paragraphs 9 thru 19 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading. Furthermore, the claims brought by Plaintiffs under this section only apply to Defendants Wertanen and Cordell. Any reference to "Defendants" in this section only applies to the aforementioned individual Defendants and does not include Defendant City.

34. As a pendent state cause of action, at all times material and relevant herein, all individual Defendants, by acts and/or omissions and under color of state law did then and there by acts/and/or omissions, intentionally, knowingly and/or recklessly cause severe personal injury to Mr. Stewart through unconsented physical contact with him.

35. Under Texas law, the cause of action for excessive force is simply one for assault and battery. Consequently, Plaintiffs allege that Defendants Wertanen and Cordell committed an assault upon Mr. Stewart when they intentionally, knowingly, and/or recklessly caused his death. Said assaultive conduct of said Defendants Wertanen and Cordell was committed intentionally, knowingly, and/or recklessly and was the proximate cause of physical and emotional injuries to Mr. Stewart. Said injuries were the direct and immediate consequence of Defendants Wertanen and Cordell's wrongful acts and a natural and direct result of the assault.

36. At no time were said individual Defendants privileged to take the action, as force was not necessary. Moreover, said Defendants Wertanen and Cordell's assault and battery of Mr. Stewart was not objectively reasonable when balancing the amount of force used against the need for the force.

**DAMAGES**

37. As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Plaintiffs (and/or the deceased Mr. Stewart) have been caused to suffer general damages which include, but are not limited to, the following: both physical and emotional injury, pain and suffering, and emotional and mental distress, and shock, along with severe emotional distress, associated with the death of Mr. Stewart.

38. Said injuries have caused Plaintiffs to incur special damages which include but are not limited to: funeral and burial expenses and the loss of companionship and/or support.

39. Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C.S. §1988, a prevailing party in a §1983 case is entitled to recover its attorney's fees. Hence, Plaintiffs further pray for all costs and attorney fees associated with bringing the present case to trial.

40. In addition, Plaintiffs pray for punitive damages against all individual defendants named herein. Punitive damages are designed to punish and deter persons such as Individual Defendants who have engaged in egregious wrongdoing. Punitive damages may be assessed under §1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs pray that upon trial upon the merits, Plaintiffs recover compensatory damages against Defendants, jointly and severally; that Plaintiffs also recover punitive damages against Individual Defendants in an amount to punish and/or deter and to make an example of those Defendants in order to prevent similar future conduct; and that Plaintiffs recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation. Moreover, Plaintiffs pray for all prejudgment and postjudgment interest that can be assessed against the Defendants in the event of recovery; and

that Plaintiffs recover against each Defendant any and all other general or specific relief to which they prove themselves justly entitled.

                        Respectfully submitted,

                        GALE, WILSON & SÁNCHEZ, PLLC
                        115 E. Travis, 19th Floor
                        San Antonio, Texas 78205
                        Telephone: (210)222-8899
                        Telecopier: (210)222-9526
                        Email: cjgale@gws-law.com


                        By: /s/ Christopher J. Gale
                            Christopher J. Gale
                            Southern District Bar No. 27257
                            Texas Bar Number 00793766
                        *Attorney-in-Charge for Plaintiffs*

## **Demand for Jury Trial**

Plaintiffs hereby demand trial by jury pursuant to Fed.R.Civ.P. 8(b).

## **NOTICE OF ELECTRONIC FILING**

The undersigned counsel hereby certifies that he has electronically submitted for filing a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Southern District of Texas on the 15th day of April, 2013.

                            /s/ Christopher J. Gale
                            Christopher J. Gale

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 15th day of April, 2013, the above and foregoing was sent to the following counsel of record by the means indicated below:

| | |
|---|---|
| Mark DeKoch | *Via E-File Notification* |
| Roxana I. Perez Stevens | |
| CITY OF CORPUS LEGAL DEPARTMENT | |
| P.O. Box 9277 | |
| Corpus Christi, Texas 78499-9277 | |
| | |
| John Martinez | *Via E-File Notification* |
| HILLARD, MUNOZ & GONZALES, L.L.P. | |
| 719 S. Shoreline, Suite 500 | |
| Corpus Christi, Texas 78411 | |

                                              /s/ Christopher J. Gale
                                              Christopher J. Gale